J-A05038-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| E.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| T.C. | : | No. 1378 WDA 2018 |

Appeal from the Order Entered July 6, 2018
In the Court of Common Pleas of Allegheny County Family Court at
No(s): FD18-007359-009

BEFORE: GANTMAN, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: FILED MARCH 19, 2019

E.C. (Mother) appeals from the trial court's order concluding that it had jurisdiction to make an initial custody determination pursuant to Section 5421(a) of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), 23 Pa.C.S.A. §§ 5401-5482. After careful review, we affirm.

The relevant factual background, gleaned from the trial court opinion and the certified record, is as follows. See Trial Court Opinion, 10/30/18, at 1-4 (unpaginated). Mother and Father were married in November 2013 in Baltimore, Maryland. The parties had a son, S.C., in October 2013, and a daughter, R.C., in September 2015. Children resided with their parents in Baltimore from their birth until October 2017, when the family moved to Pittsburgh, Pennsylvania. Mother and Father separated in mid-November 2017; following their separation, the parties shared custody of Children in

Pittsburgh until February 16, 2018, when Mother relocated with Children to New Jersey.

On February 17, 2018, Mother filed a verified complaint in custody in Mercer County, New Jersey, requesting that the parties share legal custody of Children and that Mother be designated as the parent of primary residence. In response, on February 22, 2018, Father filed a complaint in custody in Allegheny County, Pennsylvania, seeking sole legal custody and primary physical custody. The trial court in Allegheny County issued a rule to show cause as to why the complaint should not be dismissed for lack of jurisdiction/venue, or failure to state a cause of action.

On March 1, 2018, Father filed an emergency petition to establish child custody jurisdiction, requesting that the Allegheny County court and the Commonwealth of Pennsylvania assert sole jurisdiction over the case. That same day, Father also filed an emergency petition seeking special relief and requesting that the court direct Mother to return Children to Father's custodial care, and award Father interim physical and legal custody. Again, that same day, the Allegheny County court stayed the proceedings pending a Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) telephone conference with the Mercer County court.

On March 9, 2018, the courts held the telephone conference. Following the conference, Father filed, in Allegheny County, a petition for special relief, requesting that the stay be lifted and an interim custody order be entered. On July 6, 2018, the Allegheny County court ordered that Pennsylvania would

exercise jurisdiction and lifted the stay on Father's complaint for custody.[1] The order provided that scheduling orders should be immediately issued; that the parties would share legal custody of Children; that Father would have physical custody of Children during the one week each month when he is not working; that Mother would have custody of Children at all other times; and that the parties could mutually agree to other terms and conditions. Thereafter, Mother filed preliminary objections to the custody complaint, and Father filed a motion for reconsideration of the order, requesting extended custody. The court denied relief.

Mother subsequently filed a motion requesting that the court certify its July 6, 2018, order as a final order for purposes of appeal. The court denied the motion, but, on August 18, 2018,[2] amended its July 6, 2018 order. The amended order stated that Allegheny County would exercise jurisdiction, and that the order involved a controlling question of law as to which there was substantial ground for difference of opinion, and that an immediate appeal from the order would materially advance the ultimate termination of the matter. The order also scheduled custody time for Father on Children's birthdays and Father's birthday.

_____

[1] The order is dated and referred to as the order of July 6, 2018; however, it was docketed on July 18, 2018.

[2] The order is dated and referred to as the order of August 2, 2018; however, it was docketed on August 18, 2018.

- 3 -

Mother appealed to this Court by filing a petition for permission to appeal. In her petition, she included a list of eight controlling questions of law for review. On September 27, 2018, this Court issued an order providing that Mother's petition for permission to appeal be treated as a notice of appeal pursuant to Pa.R.A.P. 1316(a)(1) (treating a request for discretionary review of an order which is immediately appealable as a notice of appeal where a party has filed a timely petition for permission to appeal pursuant to Pa.R.A.P. 1311).[3]

On appeal, Mother raises the following issues for our review:

1. Did the trial court abuse its discretion in exercising subject matter jurisdiction over the custody action filed by [Father] where Pennsylvania fails to meet any one (1) of the four (4) permissible criteria for finding jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act[?]

2. Did the trial court abuse its discretion in exercising subject matter jurisdiction over the custody action filed by [Father] without conducting an on-the-record proceeding and allowing for the submission of testimony, exhibits, and other evidence?

_____

[3] Mother did not file a contemporaneous notice of appeal and statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). As noted, supra, her petition for permission to appeal, with its controlling questions of law, was treated as a notice of appeal pursuant to Pa.R.A.P. 1316; her issues raised before this Court are contained within her controlling questions of law. There are few cases referring to Pa.R.A.P. 1316 and none discusses the intersection between Pa.R.A.P. 1316 and Pa.R.A.P. 1925, specifically, the preservation of issues for appeal. See, e.g., In re S.H., 71 A.3d 973, 976 (Pa. Super. 2013) (observing use of Pa.R.A.P. 1316 in procedural history); T.M. v. Elwyn, 950 A.2d 1050, 1066 n.3 (Pa. Super. 2008) (discussing whether there is anything in Rule 1316 that precludes the filing of both a collateral appeal and petition for review). However, as Mother's issues were provided to the trial court prior to the issuance of its Pa.R.A.P. 1925(a) opinion, we consider them preserved for appeal.

3. Did the trial court abuse its discretion in exercising subject matter jurisdiction over the custody action filed by [Father] where [Mother's] necessary decision to move with [Children] to a safe and supportive environment for all was not unjustifiable conduct?

Mother's Brief at 5.

Prior to addressing the merits of Mother's appeal, we must determine whether we have jurisdiction. Father filed a motion to quash Mother's appeal, arguing that it was interlocutory. On October 30, 2018, this Court denied Father's motion without prejudice to be re-raised before a merits panel or in a subsequent motion. Mother responded that this Court had determined that the order was appealable as of right pursuant to Pa.R.A.P. 1316, and accordingly, was not interlocutory.

Father again raises the issue in his brief, arguing that Mother's appeal should be quashed. See Father's Brief at 1-4. Specifically, Father notes that pursuant to 42 Pa.C.S.A. § 702(b), the trial court may certify an interlocutory order for appeal on the basis that the matter involves a controlling issue of law to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter. Id. at 1. Father contends that because the orders present a controlling issue of law, namely subject matter jurisdiction, there is no substantial ground for difference of opinion, and the appeal does not materially advance the ultimate termination of the matter. Id. at 1-2.

It is well-settled that "[a]n appeal lies only from a final order, unless permitted by rule or statute." Stewart v. Foxworth, 65 A.3d 468, 471 (Pa.

- 5 -

Super. 2013). Generally, a final order is one that disposes of all claims and all parties. See Pa.R.A.P. 341(b). Orders sustaining jurisdiction are immediately appealable under Pa.R.A.P. 311(b), if: (1) the trial court certifies that a substantial question of jurisdiction exists or (2) the prevailing party elects, within 10 days of the entry of the order, to have the order deemed final. See Adkins v. Empire Kosher Poultry, Inc., 467 A.2d 877, 878 n.1 (Pa. Super. 1983).

Here, some confusion appears to result from the wording of the trial court's amended order. On August 2, 2018, the court amended its July 6, 2018 order to read: "This Order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the matter (in accordance with 42 Pa.C.S.A. § 702(b))." See Order, 8/2/18, at 1-2. As noted above, orders sustaining jurisdiction are immediately appealable under Pa.R.A.P. 311(b) if the trial court certifies that a substantial question of jurisdiction exists. See Adkins, 467 A.2d at 878; Pa.R.A.P. 311(b). The instant matter concerns an order sustaining jurisdiction. While the trial court used the words "controlling question of law" rather than "substantial question of jurisdiction," the court's intent was to secure appellate review, and it granted certification accordingly. Thus, this matter was appealable as of right and, pursuant to Pa.R.A.P. 1316, Mother's petition for permission to appeal was properly treated as a notice of appeal

and permitted to proceed. See Pa.R.A.P. 1316(a)(1). We therefore address the merits of Mother's appeal.

Mother challenges the trial court's finding that it had jurisdiction to make an initial custody determination.

> A court's decision to exercise or decline jurisdiction [per the UCCJEA] is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of discretion. Under Pennsylvania law an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

J.M.R. v. J.M., 1 A.3d 902, 908 (Pa. Super. 2010).

The UCCJEA governs child custody matters in Pennsylvania and New Jersey. See S.K.C. v. J.L.C., 94 A.3d 402, 409-410 (Pa. Super. 2014). Per the comment to its short title, it is to be interpreted according to its purposes, which include avoiding jurisdictional competition and conflicts with courts of other states in matters of child custody. Id.; see also 23 Pa.C.S.A. § 5401. Additionally, the UCCJEA has rules governing simultaneous proceedings; courts of this Commonwealth may not exercise jurisdiction if at the time of the commencement of proceedings a custody proceeding has been commenced in a court of another state having jurisdiction. See 23 Pa.C.S.A. § 5426(a). If proceedings have been commenced in another state, courts of the Commonwealth should stay their proceedings pending communication with the court of the other state, and dismiss the proceedings in the

Commonwealth if the other court does not determine that the court of this Commonwealth is a more appropriate forum. Id. at (b). Jurisdiction is determined at the time the action is commenced. See Lucas v. Lucas, 882 A.2d 523, 528 (Pa. Super. 2005).

A Pennsylvania court may make an initial custody determination if it has jurisdiction under one of the following four circumstances:

(1) this Commonwealth is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;

(2) a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or 5428 (relating to jurisdiction declined by reason of conduct) and:

(i) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this Commonwealth other than mere physical presence; and

(ii) substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships;

(3) all courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that a court of this Commonwealth is the more appropriate forum to determine the custody of the child under section 5427 or 5428; or

(4) no court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2) or (3).

23 Pa.C.S.A. § 5421(a)(1)-(4). Additionally,

> the UCCJEA notes that physical presence of the child in this Commonwealth is not a prerequisite for jurisdiction in order to determine custody. 23 Pa.C.S. § 5421(c). Further, the UCCJEA defines "home state" as "the state in which the child immediately preceding the time involved lived with his parents, a parent or a person acting as parent, or an institution, for at least six consecutive months." 23 Pa.C.S. § 5402. Moreover, our case law provides that the home state is the preferred basis for jurisdiction. McCoy v. Thresh, 862 A.2d 109, 113 (Pa. Super. 2004).

J.M.R., 1 A.3d at 909. While Section 5421(a)(1) additionally provides that Pennsylvania has home state jurisdiction if it was the child's home state within six months before the commencement of the proceeding, 23 Pa.C.S.A. § 5402 and 23 Pa.C.S.A. § 5421 may be read together. See R.M. v. J.S., 20 A.3d 496, 503-04 (Pa. Super. 2011) (finding it was the intent of the General Assembly that there be a six month window for a state to establish home state jurisdiction in circumstances where a child is no longer in Pennsylvania at the time the custody action commences).

In her first issue, Mother argues that Pennsylvania cannot be the home state of Children, and cannot satisfy 23 Pa.C.S.A. § 5421(a)(1). See Mother's Brief at 15. Mother further contends that Pennsylvania is not the more appropriate forum, as neither Children nor either parent have significant connections with Pennsylvania, nor is there substantial evidence regarding Children available in Pennsylvania; thus, Pennsylvania does not satisfy 23 Pa.C.S.A. § 5421(a)(2). Id. at 17. Mother argues that New Jersey did not decline to exercise jurisdiction on the basis that Pennsylvania is the more

appropriate forum, and thus, [23] Pa.C.S.A. § 5421(a)(3) does not apply. Id. at 22-23. Finally, Mother asserts that under 23 Pa.C.S.A. § 5421(a)(4), New Jersey is the more appropriate forum as Children and at least one parent have significant connections with New Jersey and there is substantial evidence regarding Children available in New Jersey. Id. at 24.

We first examine whether Pennsylvania is Children's home state under Section 5421(a)(1). The Commonwealth is the "home state" of Children if they lived in this Commonwealth with a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. The record indicates that Children moved from Baltimore, Maryland, and resided in Pittsburgh, Pennsylvania, with parents from October 1, 2017, until February 17, 2018, when Mother filed a complaint in custody in New Jersey; Father filed a custody action in Pennsylvania on February 22, 2018. These time periods are four months and 16 days, and four months and 21 days, respectively. Accordingly, Pennsylvania cannot be considered the home state of Children. R.M., 20 A.3d at 503-04. The trial court properly concluded that Pennsylvania is not Children's home state, and we find no abuse of discretion in this conclusion. J.M.R., 1 A.3d at 908.

Next, we consider whether the trial court could have exercised jurisdiction on the basis of the test set forth in Section 5421(a)(2). As noted, under Section 5421(a)(2), a Pennsylvania court has jurisdiction to make an initial custody determination if a court of another state does not have jurisdiction under paragraph (1), or a court of the home state of the child has

declined to exercise jurisdiction based upon reason of conduct, the child or the child's parents have a significant connection with this Commonwealth other than mere physical presence, and substantial evidence is available in this Commonwealth concerning the child's care. See 23 Pa.C.S.A. § 5421(a)(2).

Here, Children have lived in two other states: Maryland and New Jersey. Neither parent currently lives in Maryland, although Children lived in Maryland within six months of the commencement of this custody action. Mother resides in New Jersey, and moved Children to New Jersey one day prior to the commencement of her custody action. Maryland's version of 23 Pa.C.S.A. § 5421 is codified at Md. Code § 9.5-201; New Jersey's version is codified at N.J.S.A. 2A:34-65. Both statutes are identical in substance to the Pennsylvania statute, and accordingly, the analysis of whether either state may be considered a home state is the same.

The Maryland UCCJEA provides that Maryland is the home state of the child if it was the home state within six months before the commencement of the proceeding, or if the child is absent from the State, but a parent or person acting as a parent continues to live in the State. See Md. Code § 9.5-201. Although Children resided in Maryland within six months prior to the commencement of the proceeding, at the time of filing, Children no longer resided in Maryland and neither parent continued to live in the state. Accordingly, Maryland cannot be the home state. Id. Nor can New Jersey be Children's home state under the definition provided by the New Jersey

equivalent of 23 Pa.C.S.A. § 5421(a)(1), because New Jersey was not the home state within six months prior to the commencement of the custody action.  See N.J.S.A. 2A:34-65.

Thus, under the relevant statutory definitions, Children do not have a home state.  See Rennie v. Rosenthol, 995 A.2d at 1217, 1221–22 (Pa. Super. 2010); 23 Pa.C.S.A. § 5421(a)(2)(i).[4]  Consequently, and regardless of any significant connection analysis, Pennsylvania may exercise jurisdiction.  Section 5421(a)(3) is not applicable, because New Jersey did not have jurisdiction pursuant to the criteria of Section 5421(a)(1) and (2).  Conversely, Pennsylvania has jurisdiction pursuant to section 5421(a)(4), because a court of this Commonwealth has jurisdiction to make an initial child custody determination when no other court would have jurisdiction under Section 5421(a)(1)-(3).  Accordingly, the trial court did not abuse its discretion in finding that it had jurisdiction to issue an initial custody order.  J.M.R., 1 A.3d at 908; see also In re A.J.R.-H., 188 A.3d 1157, 1175-76 (Pa. 2018) (an

_____

[4] The Allegheny and Mercer County courts' analyses regarding Section 5421(a)(2) and (3) underscore Mother's conduct in taking Children to New Jersey and whether it was justified.  However, the pertinent statutory language states that Pennsylvania may exercise jurisdiction if "a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or 5428 (relating to jurisdiction declined by reason of conduct)."  See 23 Pa.C.S.A. § 5421(a)(2).  We have determined that New Jersey is not the home state of Children, and further, the fact that the Mercer County trial court apparently declined jurisdiction based on Mother's conduct is not a relevant consideration at this juncture.

appellate court may affirm the trial court's decision on any basis that is supported by the record).

In Mother's second issue, she claims the trial court abused its discretion by failing to conduct an on-the-record hearing and failing to allow for the submission of testimony, exhibits, and other relevant evidence. See Mother's Brief at 25. Mother argues that the court's reliance on Father's submitted findings of fact and conclusions of law is flawed, as findings of fact and conclusions of law cannot be completed until a hearing has been conducted and evidence submitted. Id. at 26. However, Mother fails to develop this argument with citation to legal authority supporting her position. See In re M.Z.T.M.W., 163 A.3d 462, 465 (Pa. Super. 2017) (it is well-settled that this Court will not review a claim unless it is supported by citations to relevant authority). Accordingly, Mother's second issue is waived. Id.

In her third issue, Mother asserts that the trial court abused its discretion by retaining jurisdiction based on the determination that Mother's "decision to move with the children to a safe and supportive environment was unjustifiable conduct." See Mother's Brief at 28.[5] Mother contends that she "had to leave" Pittsburgh with the Children due to the decline in her health. Id. at 28-31. This argument lacks merit. As previously noted, Mother's

_____

[5] Mother concedes "the trial court did not make a finding that Mother's conduct was unjustifiable." Mother's Brief at 32. However, she continues, "[i]nstead, the trial court accepted the New Jersey trial court's opinion regarding Mother's conduct without pause." Id.

conduct is immaterial to the determination as to jurisdiction; it is the language of the UCCJEA which prescribes jurisdiction in this case.

In sum, and for the above reasons, we discern no abuse of discretion by the trial court in concluding that it had jurisdiction to make an initial custody determination pursuant to 23 Pa.C.S.A. § 5421. See J.M.R., 1 A.3d at 908.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/19/2019